UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH SCHMIDT,<br><br>              Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. C13-1558-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Keith Schmidt seeks review of the denial of his Supplemental Security Income application. He contends the ALJ erred by (1) failing to account for all limitations identified by Richard Ries, M.D.; (2) rejecting the opinion of social worker Larry McCann; and (3) relying on vocational expert ("VE") testimony that deviates from the Dictionary of Occupational Titles ("DOT"). Dkt. 15 at 1. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## BACKGROUND

Mr. Schmidt is currently 60 years old, has a high school diploma and one year of college, and has worked as a food service worker.[1] On June 15, 2010, he applied for benefits, alleging

---

[1] Tr. 151, 165, 170.

REPORT AND RECOMMENDATION - 1

disability as of June 1, 2009.  Tr. 20.  His application was denied initially and on reconsideration.  Tr. 88-95, 99-106.  The ALJ conducted a hearing on November 29, 2011 (Tr. 35-65), and subsequently found Mr. Schmidt not disabled.  Tr. 20-30.  As the Appeals Council denied Mr. Schmidt's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-5.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [2] the ALJ found:

**Step one:**  Mr. Schmidt did not engage in substantial gainful activity since June 15, 2010, the amended alleged onset date.

**Step two:**  Mr. Schmidt's bipolar disorder v. major depressive disorder, panic disorder, generalized anxiety disorder, personality disorder, and opioid dependence are severe.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):**  Mr. Schmidt has the RFC to perform a full range of work at all exertional levels, but is limited to understanding, remembering, following, and carrying out two-step instructions.  He should not work with the public, and should have a routine and predictable work environment.

**Step four:**  Mr. Schmidt can perform his past work as a cook helper, and is therefore not disabled.

Tr. 20-30.

## DISCUSSION

**A.   Dr. Ries's Opinion**

Dr. Ries, Mr. Schmidt's treating psychiatrist, completed DSHS form opinions in February and August 2011.  Tr. 643-47, 700-05.  The ALJ summarized Dr. Ries's opinions and explained her assessment of them as follows:

> Dr. Ries determined that the claimant's symptoms of recurrent suicidal ideation, depressed mood, hopelessness, and fear would each have a moderate effect on his

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

|   |   |
|---|---|
| 1 | work activities, which would cause significant interference in performance of his duties. [Tr. 702.] Dr. Ries also observed the claimant's symptoms of anxiety and disrupted sleep, which he opined would each cause very significant interference with the claimant's work-related activities. Functionally, Dr. Ries found that although the claimant would have marked difficulty in understanding, remembering, and persisting in following complex instructions involving 3 or more steps, but had no limitation in his ability to understand, remember, and persist in tasks following simple instructions. [Tr. 703.] Dr. Ries opined that the claimant would have marked difficulty in his ability to be aware of normal hazards and take appropriate precautions, as well as his ability to communicate and perform effectively in a work setting with public contact. [Tr. 704.] Dr. Ries is the claimant's treating physician whose findings are supported by the evidence and whose opinions are consistent with the findings of other medical professionals. Accordingly, the undersigned affords significant weight to his findings. However, I find nothing in Dr. Ries' treatment notes or the record that supports that the claimant is unable to appreciate hazards and take normal precautions and as such, I reject this part of Dr. Ries's opinion. |

Tr. 28-29. Mr. Schmidt argues that the ALJ erred in overlooking Dr. Ries's opinion that he required additional supervision, and that because she did not reject it she needed to account for it in the RFC assessment. Dkt. 15 at 9.

Dr. Ries opined in February and August 2011 that Mr. Schmidt had moderate limitations in his ability to perform routine tasks without undue supervision, and his February 2011 explanation of that particular limitation indicates that Mr. Schmidt required supervision for tasks beyond "[s]imple, uncomplicated things[.]" Tr. 645. His August 2011 opinion does not elaborate on the basis for that limitation, but reiterates his earlier opinion as to moderate limitations in that area. Tr. 703-04. When Dr. Ries's February 2011 limitation-specific explanation is considered, the ALJ's RFC assessment could be described as not inconsistent with that opinion, because the ALJ limited Mr. Schmidt to performing two-step instructions in a routine work environment (Tr. 25), which is the type of setting that Dr. Ries equivocally indicated Mr. Schmidt could handle on his own (Tr. 645). Dr. Ries's August 2011 opinion is not so qualified, however, and thus the ALJ's RFC assessment is inconsistent with the August 2011

REPORT AND RECOMMENDATION - 3

opinion in that respect.  Thus, the ALJ erred in failing to explain why she did not account for that portion of Dr. Ries's opinion, and on remand shall either credit it or provide a sufficient reason to discount it.

**B.     Mr. McCann's Opinion**

Mr. Schmidt's treating social worker, Mr. McCann, completed a DSHS form opinion in December 2009.  Tr. 653-60.  The ALJ summarized Mr. McCann's opinion and found it to be entitled to "little weight":

> Mr. McCann opined that the claimant had multiple marked limitations, including in his ability to perform simple tasks, learn new tasks, exercise[] judgment, and respond appropriately to work pressures.  Notably, Mr. McCann's evaluation occurred prior to the claimant's amended alleged onset date.  Further, it is not supported by the treatment notes, and is inconsistent with the findings of the other medical clinicians in the record, as discussed above.

Tr. 29.  Mr. Schmidt contends that none of these reasons are germane.

The Commissioner agrees that the date (six months before the alleged onset date) of Mr. McCann's opinion is not a germane reason to discount it.  Dkt. 16 at 13.  But the court rejects Mr. McCann's objections to the ALJ's other two reasons.  Mr. Schmidt argues that the ALJ erred in finding that Mr. McCann's opinion was not supported by the treatment notes, because Mr. McCann treated him over a long period time and most of those treatment notes are not included in the administrative record before the ALJ or this court.  Dkt. 15 at 13; Dkt. 17 at 4-5.  The court will not speculate that treatment notes not included in the record would have support Mr. McCann's opinion.

Furthermore, Dr. Ries's opinion contradicts Mr. McCann's opinion, particularly as to Mr. Schmidt's ability to perform simple tasks.  *Compare* Tr. 658 *with* Tr. 645, 703.  This inconsistency is a germane reason to discount Mr. McCann's opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Accordingly, because the ALJ provided germane reasons

REPORT AND RECOMMENDATION - 4

to discount Mr. McCann's opinion, she did not err in assessing his opinion.

C.     **DOT Reasoning Levels**

The ALJ limited Mr. Schmidt to performing two-step tasks in a routine and predictable work environment.  Tr. 25.  The ALJ also relied on the VE's testimony that Mr. Schmidt could perform his former work as a cook helper, which is defined as requiring Level 2 reasoning ability.  *See* DOT 317.687-010, 1991 WL 672752.  Level 2 reasoning ability requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  *Id*.  Level 1 reasoning ability requires a worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  DOT, App. C.  Mr. Schmidt argues that the ALJ's RFC assessment was not consistent with the reasoning ability required by the cook helper job, and thus the ALJ erred in relying on the VE's testimony that he could perform that job without seeking an explanation of the inconsistency.  Dkt. 15 at 4; *see also Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995).

The wording used to describe DOT reasoning levels does not necessarily correspond directly to the functional limitations defined by Social Security Administration regulations.  *See Meissl v. Barnhart*, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005).  In the absence of Ninth Circuit guidance on this issue, district courts have attempted to harmonize or distinguish various RFC limitations with the DOT reasoning levels.  While some courts have emphasized that a restriction to simple, repetitive tasks would not be inconsistent with a job requiring Reasoning Level 2 abilities, others have found a restriction to following one- or two-step instructions to be more restrictive and thus compatible only with Reasoning Level 1 jobs.  *See, e.g.*, *Skeens v. Astrue*,

REPORT AND RECOMMENDATION - 5

903 F.Supp.2d 1200, 1208-09 (W.D. Wash. 2012); *Pouria v. Astrue*, 2012 WL 1977278, at *1-3 (C.D. Cal. Jun. 1, 2012); *Grigsby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010). This court applies the reasoning of *Skeens* here to find that the ALJ's explicit restriction to two-step instructions is a more narrow restriction than a limitation to simple, repetitive tasks[4], and is thus analogous to Reasoning Level 1 abilities rather than Reasoning Level 2 abilities. The ALJ needed to seek an explanation for this discrepancy, and erred in relying instead on VE testimony that was not consistent with the DOT. *See Johnson*, 60 F.3d at 1435-36. On remand, the ALJ shall reconsider her step-four findings and obtain additional VE testimony, if necessary.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings. On remand, the ALJ should reassess Dr. Ries's opinion regarding Mr. Schmidt's ability to perform routine tasks without undue supervision. She shall also reconsider her step-four findings and obtain additional VE testimony, if necessary, to determine whether her assessment of Mr. Schmidt's RFC is consistent with performance of his past work or other work.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **April 9, 2014.** If no objections are filed, the matter will be ready for the Court's consideration on **April 11, 2014**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The

---

[4] The Commissioner focuses her brief on whether a restriction to simple, repetitive tasks would be consistent with Reasoning Level 2 abilities. Dkt. 16 at 14-17. The ALJ's RFC assessment in this case was more specific than the Commissioner's briefing acknowledges.

REPORT AND RECOMMENDATION - 6

1  failure to timely object may affect the right to appeal.

2  DATED this 26th day of March, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7